LEONHARD WODTKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
WODTKE v. COMMISSIONER
Docket No. 3754-77.
United States Tax Court
T.C. Memo 1978-460; 1978 Tax Ct. Memo LEXIS 55; 37 T.C.M. (CCH) 1847-77; November 16, 1978, Filed Leonhard Wodtke, pro se. Leonard A. Hammes, for the respondent SCOTT
MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1973 and 1974 in the amounts of $70,787.60 and $95,865.62 and additions to tax under section 6653(a), I.R.C. 1954, [1] in the amounts of $3,539.38 and $4,793.28, respectively. At the time the petition in this case was filed petitioner resided at Oto, Iowa. This case was set for trial at Des Moines, Iowa on September 18, 1978. When the case was called, respondent and petitioner each filed a motion for summary judgment. At the hearing on these motions petitioner stated that he did not intend to bring in to the Court *56 any books and records for either year here in issue or to amend his petition. At the hearing on the motions for summary judgment the Court received in evidence the joint Federal income tax returns for the calendar years 1973 and 1974 filed by petitioner and his wife and documents submitted by petitioner to respondent in July 1976 marked as amended returns for the years 1973 and 1974. There was also received in evidence the docket entries, pleadings and other documents with respect to a case in the United States District Court for the Northern District of Iowa entitled "United States of America and Robert Ackerman, Revenue Agent, Internal Revenue Service, Petitioners vs. Leonhard Wodtke, Respondent." Among these papers was an affidavit of Mr. Wodtke's to the effect that eight cancelled checks, four copies of employment tax returns, Form 941, one copy of an employment tax return, Form 940, and four sheets of paper, which had numbers beside descriptive categories that appeared to coincide with the 1973 original return filed by Mr. and Mrs. Wodtke, were the only records he had for the year 1973. The motions for summary judgment and the documents received at the hearing show that Mr. *57 and Mrs. Wodtke timely filed joint Federal income tax returns for the years 1973 and 1974 reporting profits from a business operated by Mr. Wodtke, described on the 1973 return as "I-29 Standard," and farm income and expenses. The returns were prepared by a person other than the taxpayers. Schedule C of the returns listed gross receipts, cost of goods sold and various deductions for the business operation. The schedules of farm income and expenses of the returns showed various receipts and costs with respect to a farming operation. The record of the proceedings in the United States District Court shows that after a hearing that Court found that Mr. Wodtke's tax return for 1973 had been selected by a computer for audit and that the purpose of the audit was to determine the correctness of his return, that Mr. Wodtke had been charged with no criminal offense and had been contacted by a revenue agent solely for the purpose of investigation of his return. The record shows that Mr. Wodtke declined to submit to an audit and that the summons and proceedings following the summons then transpired. The documents filed by petitioner and entitled as amended returns for 1973 and 1974 in *58 substance were blank Forms 1040 with attachments thereto making contentions that the only lawful moneys of the United States are gold and silver coins. The deficiency notice mailed by certified mail to petitioner on March 21, 1977, disallowed in each of the years a portion of the purchases and expense deductions claimed by petitioner on Schedule C and expenses claimed in connection with the farm operation on the ground of failure of substantiation of the claimed deductions. The petition filed by petitioner assigned as error that respondent's computation of petitioner's tax was willful, wanton, malicious and intentional, in violation of petitioner's constitutional rights under the United States Constitution, the Declaration of Independence, the Magna Carta, the Northwest Ordinance and the Common Law. Petitioner assigned error in respondent's determining income in other than real "dollars" and pled the statute of limitations. The petition alleged as affirmative defenses the statute of limitations, the statute of frauds, laches, estoppel, waiver, "dollars" determined not being as defined in the Constitution, and lack of jurisdiction over the subject matter. The purported allegations *59 of fact in the petition referred to petitioner's rights under Article 1 of the Constitution and the Bill of Rights, violation of petitioner's rights under the 4th, 5th, 6th, 7th, 8th, 9th, 10th and 13th Amendments, and various claims of illegal acts by respondent, plus a demand for a judgment against respondent "payable in Gold and Silver Coin as guaranteed by the Constitution." At the hearing petitioner chose to stand on the various claims made in his petition and specifically stated that he would produce no books and records. Petitioner's motion for summary judgment appears to be based on a contention that respondent's determination in the notice of deficiency is frivolous since respondent could have obtained records from petitioner's accountant and from Standard Oil and other sources. Respondent's motion for summary judgment is based on the failure of the petition to make proper assignments of error or allege facts to show error in respondent's determination. It is clear that the statute of limitations for the assessment of tax against petitioner for the years 1973 and 1974 had not expired on March 21, 1977, when the notice of deficiency was issued. The statutory filing *60 date of the 1973 return was April 15, 1974, and the statutory filing date of the 1974 return was April 15, 1975. March 21, 1977, was within three years of both of these dates. Therefore, the deficiency notice was timely under the provisions of section 6501(a). The various contentions made by petitioner in his petition with respect to his constitutional rights and gold and silver being the only legal money under the United States Constitution have been disposed of on numerous occasions contrary to petitioner's contentions. See Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Gajewski v. Commissioner,67 T.C. 181 (1976); Hatfield v. Commissioner,68 T.C. 895 (1977); United States v. Daly,481 F.2d 28 (8th Cir. 1973). We have also held that respondent is justified in disallowing deductions where a taxpayer refuses to produce books and records to substantiate the claimed deductions. Roberts v. Commissioner,62 T.C. 834 (1974). There is no merit to the contentions made by petitioner in documents filed in this case that he should be entitled to a jury trial *61 in this Court and that he should be entitled to be represented in this Court by "counsel of his choice" who is not a member of any bar or admitted to practice before this Court. Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,supra.
On the basis of this record, petitioner's motion for summary judgment is denied and respondent's motion for summary judgment is granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩