DONALD E. SPENCER AND KAREN K. SPENCER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spencer v. Commissioner
Docket No. 5425-77.
United States Tax Court
T.C. Memo 1978-442; 1978 Tax Ct. Memo LEXIS 73; 37 T.C.M. (CCH) 1847; T.C.M. (RIA) 78442; November 6, 1978, Filed Donald E. Spencer, pro se. Michael L. Norlander, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954[1] and Rule *74 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1975 in the amount of $143 and an excise tax deficiency of $44.19 for excess contributions to an individual retirement account. The issues are (1) whether petitioners are entitled to a deduction under section 219 for a contribution of $732 in 1975 by petitioner Donald E. Spencer to an individual retirement account (IRA); and (2) whether petitioners are liable for an excise tax of $44.19 under section 4973(a) for excess contributions to an IRA. [3]
Petitioners filed their *75 1975 Federal income tax return with the Director of the Andover Service Center, Andover, Massachusetts. They were residents of Southwick, Massachusetts at the time the petition herein was filed. During the year 1975 Donald E. Spencer (hereinafter petitioner) was a general contractor in Southwick, Massachusetts. He also served during 1975 as a volunteer fireman and as water commissioner (an elected office) for the town of Southwick. Petitioner received $273.30 in 1975 for his services as a volunteer fireman and water commissioner. Petitioner has previously been employed by the Town of Southwick from September 1964 to October 1968 as a bus driver for the school district and in that capacity was covered by a pension plan funded by the states of Massachusetts and administered by the Hampden County Retirement Board in Springfield, Massachusetts.The town of Southwick withheld 5 percent of petitioner's gross wages for the years 1964 to 1968 and applied these amounts to petitioner's retirement account. When petitioner terminated his job as a bus driver in October 1968 he elected not to withdraw his contribution under the pension plan. During the year 1975 the town of Southwick was *76 required to deduct 5 percent from his gross income ($273.30) as a volunteer fireman and as water commissioner and apply such amount to petitioner's existing retirement account under the pension plan. In 1975 petitioner opened an individual retirement account and on his 1975 Federal income tax return claimed a deduction for contributions to said IRA in the amount of $732.
Section 219(b)(2)(A)(iv), as effective in the taxable year 1975, provides that no deduction for contributions to an individual retirement account is allowed under section 219(a) for the taxable year if the individual claiming the deduction was an active participant in a plan established for its employees by a State or political subdivision thereof. Here, the petitioner was covered by a pension plan during the year 1975. In addition to the small amount withheld from his income in 1975 by the town of Southwick and applied to his pension plan he was entitled to received a full year's service credit for his duties as an elected municipal employee. It is evident on these facts that petitioner during 1975 was an active participant in the State pension plan and was thus precluded by this unambiguous language of the *77 statute from claiming any deduction in 1975 for his contribution to the individual retirement account. We must on this record sustain the respondent. An excise tax of 6 percent is imposed by section 4973 on any excess contribution during the taxable year to an individual retirement account. Since petitioner was entitled to no deductions under section 219, the entire contribution of $732 was in excess of the amount deductible for the year. Orzechowski v. Commissioner,69 T.C. 750 (1978). Under these facts the 6 percent excise tax is clearly applicable. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. ↩
2. The Court has concluded that the post-trial proceedings of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable under these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
3. The correct amount of the excise tax (6% of $732.00) is $43.92.↩