LINDELL D. TRIPP and BOBBIE V. TRIPP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
TRIPP v. COMMISSIONER
Docket No. 10740-77.
United States Tax Court
T.C. Memo 1978-455; 1978 Tax Ct. Memo LEXIS 59; 37 T.C.M. (CCH) 1847-60; November 14, 1978, Filed Lindell D. Tripp and Bobbie V. Tripp, pro se. Ruth E. Salek, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees *61 with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $1,958.45. The respondent has conceded that the petitioners are entitled to: all tax deductions claimed, except one; all deductions for charitable contributions claimed, except three; all casualty loss deductions claimed; and all miscellaneous deductions claimed, except three. This leaves for decision, then, only the questions of: (1) whether petitioners are entitled to a deduction in the amount of $363.44 allegedly paid in sales taxes on purchases of furniture, a boat trailer, and a pick-up truck, under section 164; (2) whether deductions are allowable for contributions claimed in the amount of $750 to the Baptist *62 church, $85 to the Salvation Army, and $100 to the Boy Scouts and Girl Scouts, under section 170; (3) whether a net operating loss deduction can be claimed in 1975 for a loss sustained in 1973, on the foreclosure of rental property owned by petitioners, under section 172; (4) whether petitioners are entitled to deductions in the amount of $325 for school supplies and $384.96 for transportation of their children to and from school, under any section of the Code; and (5) whether petitioners are entitled to deductions in the amount of $4,800 for child care expenses, under section 214. FINDINGS OF FACT Petitioners filed a timely joint Federal income tax return for the year 1975. At the time the petition herein was filed, they resided at 1153 Ash, Arroyo Grande, California. The petitioners, on their income tax return for the year 1975, claimed a deduction for general sales tax in the amount of $460, taken from the sales tax tables prepared by respondent for use by taxpayers in preparing their tax returns. They also claimed a deduction for state sales tax in the additional amount of $363.44, claimed to have been paid on the purchase of furniture, a boat trailer, and a pick-up truck. *63 Petitioners did purchase a used boat trailer and a used pick-up truck during the year 1975, and they also purchased some new furniture for their home. However, petitioners failed to present evidence sufficient to establish the cost of these various items and the amount of sales tax, if any, paid in connection with their purchase. Petitioners paid real estate tax in 1975 in the amount of $416 on the home owned by them. This item was not claimed as a deduction on their income tax return, but was claimed at the time of trial and, also, in the petition filed herein. The petitioners attended the Baptist church and other churches in their area on a more or less regular basis during the year 1975. Their children attended Sunday school and church and were encouraged to make contributions of money furnished by petitioners while attending. Although the petitioners and their children did attend church, and apparently did make contributions, it is far from clear as to just how much money they contributed to the Baptist church or to any of the other churches attended. Likewise, the petitioners had an interest in the Boy Scouts and the Girl Scouts, but failed to show any specific amount *64 of money that was contributed by them to either one of these organizations. The petitioners apparently made some contribution to the Salvation Army of used clothing and used furniture, but there is no evidence to identify the items contributed or to show their fair market value. In 1973, the petitioners owned a house that they had acquired in 1971 and had held out for rent since that time. Proceedings were brought against the petitioners in 1973 to foreclose the mortgage on this property, causing them to suffer a loss of $3,486. Since the petitioners reported adjusted gross income of $584.97 for the year 1973, the respondent has conceded that they incurred a net operating loss of $2,901.17 for the year 1973. There was no evidence to show whether this net operating loss could have been carried back to the taxable years 1970, 1971, and 1972. However, the adjusted gross income reported by the petitioners for the year 1974 was sufficient in amount to absorb the entire net operating loss of $2,901.17 sustained in 1973. The petitioners had eight dependent children living with them during the taxable year 1975. Petitioner Bobbie V. Tripp (hereinafter referred to as Mrs. Tripp) *65 regularly visited a chiropractor during the year 1975 for treatment with respect to a pain in her back. The petitioners employed women to assist Mrs. Tripp with the care of the children. Since Mrs. Tripp was able to take care of herself, these women were not employed to take care of her, but to take care of the children. Mrs. Tripp was physically and mentally capable of caring for herself. The evidence indicates that a number of women were employed at separate times during the year to take care of the Tripp children and that they were paid an average amount of $400 per month. However, it was not established with any degree of certainty just how many women were so employed and just how much was paid any one, or all, of them. The petitioners offered no evidence to substantiate the amount of $325 claimed as a deduction for school supplies and $384.96 claimed as a deduction for transportation of the children to and from school. No evidence was offered to show that either of these two items was anything other than an aggregation of personal, living, or family expenses. OPINION 1. Taxes. The petitioners have claimed a deduction of $363.44 for state sales taxes in addition *66 to the amount of $460 allowed by the tax tables provided by the respondent for use in claiming this deduction. The evidence presented by the petitioners failed to establish just how much the petitioners had paid for the items with respect to which this additional sales tax is claimed and, also, failed to establish the amount, if any, of sales tax paid in 1975 on the purchase of these items. In short, the petitioners have failed to establish that they are entitled to a deduction for sales tax in any amount greater than that already allowed by the respondent. See Henry v. Commissioner,T.C. Memo. 1971-50. The petitioners did establish at the trial that they paid real property tax in 1975 in the amount of $416 on a home owned by them. Since a deduction for real estate tax was not claimed on their tax return, it is not clear whether the respondent's concession with respect to taxes was intended to include this deduction for real estate taxes. However, since the respondent makes no argument against the allowance of this deduction, it is assumed that its concession was intended. In any event, petitioners are allowed a deduction of $416 for real estate taxes paid *67 in 1975. 2. Contributions.
The petitioners claimed deductions for alleged charitable contributions in the amount of $970 on their income tax return for the year 1975. The respondent has conceded that $35 of the contributions claimed should be allowed as deductions.
The petitioners claimed a deduction of $85 for contributions allegedly made to the Salvation Army. Evidence at the trial indicated that the contributions were of used clothing and used furniture. There was no evidence offered to show exactly what items were contributed or to indicate their fair market value, if any. Likewise, the evidence indicated that the petitioners had an interest in the Boy Scouts and also in the Girl Scouts, which seems to be quite natural, considering the number of children that they had. However, the evidence failed to identify any specific contributions to these two organizations either as to time or amount. Since there is no basis upon which to allow a deduction for these two items, the respondent's disallowance is sustained. The petitioners claimed a deduction of $750 for contributions allegedly made to the Baptist church. The evidence showed that the petitioners and their family *68 were more or less regular in their attendance at church services, Sunday school, etc. The testimony of petitioner Lindell D. Tripp hereafter referred to as Mr. Tripp) indicated that he and his wife made cash contributions, whenever they attended church services, and that they gave money to their children to contribute while attending Sunday school and other services. While the evidence as to the specific amount contributed to the Baptist church, and other organized churches attended by the petitioners, is extremely vague, we are convinced that the petitioners and their children did attend church and did make some contributions. Therefore, applying the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), petitioners are allowed $250 as a deduction for charitable contributions to churches. 3. Foreclosure Loss.
During the year 1973, real property held by the petitioners for rent was sold in a foreclosure proceeding at a loss of $3,486 to them. This was a loss on the sale or exchange of property used in the taxpayers' trade or business of renting property. Since there is no evidence of any gain on the sale or exchange of any such property in 1973, under *69 section 1231(a), the loss is an ordinary loss and not a capital loss. This loss was not reported by them on their Federal income tax return for the year 1973 but, considering their adjusted gross income of $584.97, would have resulted in a net operating loss of $2,901.17.The procedure for deducting such losses in a year other than the year in which incurred is controlled by section 172. That section clearly requires that net operating losses be carried back to the earliest of three years preceding the year of loss and that the loss, thus carried back, be exhausted in the intervening years, before there can be any carry forward of the loss to the years subsequent to the year of the loss. In order to carry forward a net operating loss from 1973 to 1975, it would be necessary for the petitioners to prove their income for the years 1970, 1971, and 1972, in order to show whether there was any part of the loss incurred in 1973 that could not be carried back and absorbed by the amount of income received in these earlier years. It has been held that the failure to prove taxable income for the intervening years is, alone, sufficient reason to sustain the respondent's disallowance of an *70 operating loss deduction claimed for a later year. See Galan v. Commissioner,T.C. Memo. 1976-306. The petitioners failed to show what their income was for the years 1970, 1971, and 1972, and thereby failed to show whether there would have been any of the 1973 loss left to carry over to the years 1974 and 1975, if the loss had first been carried back to the earlier years as required by the statute. Even if it be assumed that the petitioners had no income in 1970, 1971, and 1972 against which the loss suffered in 1973 could be offset, they still would not be entitled to a deduction in the year 1975, since their income in 1974 was sufficient to absorb the entire amount of the loss. Section 172(b)(2)(A) provides that the income for the year against which such a loss is to be offset is to be computed with the modifications specified in subsection (d).Subsection (d) provides that no deduction shall be allowed under section 151 (relating to personal exemptions) and that no deduction in lieu of any such deduction shall be allowed. The petitioners' income tax return for the year 1974 shows taxable income in the amount of $7,499.77, before the application of $7,500 claimed *71 as a deduction for personal exemptions.Since, however, taxable income for this purpose must be computed without the use of personal exemptions, the petitioners had taxable income for the year 1974 in the amount of $7,499.77, for purposes of determining whether or not any part of the net operating loss sustained in 1973 could be carried over to the year 1975. Obviously, taxable income in this amount is more than enough to absorb completely the net operating loss of $2,901.17 suffered by the petitioners in the year 1973. Therefore, there is no loss from this source that the petitioners can deduct in the year 1975. Accordingly, the respondent's disallowance of this deduction is sustained.
4. Miscellaneous Deductions.
On their income tax return for the year 1975, the petitioners claimed deductions for a number of miscellaneous items in the total amount of $6,198. The respondent has conceded that the petitioners are entitled to deductions for all of the items claimed, except for $4,800 claimed as the expense of child care, $325 claimed as the expense of school supplies, and $384.96 claimed as the cost of transportation of their children to and from school. The petitioners offered *72 no evidence to show that the cost of school supplies and the cost of transportation of the children to and from school represented anything other than personal, living, or family expenses. Since section 262 specifically prohibits any deduction for personal, living, or family expenses, the respondent is sustained in his disallowance of deductions for these two items. With respect to the item of $4,800 claimed as child care expense, the evidence does show that Mrs. Tripp had a problem with her back during the year in question and that the petitioners did employ women to assist her with her domestic responsibilities. The evidence indicates that these women were paid at the average rate of $400 per month, but also indicates that no one individual worked for the petitioners for more than a couple of weeks at a time. The evidence did not establish how many people were employed, how long each one of them worked, the amount paid to each of the various individuals, or the total amount paid to all of them during the course of the year. The petitioners have thus failed to establish with any exactitude the amount actually spent for domestic help during the year 1975. Even if the amount *73 spent had been established, however, it still appears that there is no ground upon which it could be allowed as a deduction. The amount spent was not claimed as a medical deduction under section 213, and the evidence shows that no part of it was spent for medical care for Mrs. Tripp. Both Mr. and Mrs. Tripp testified that the women were employed to take care of the children, not to look after Mrs. Tripp. This expense has all of the earmarks of a personal, living, or family expense, the deduction of which is not allowed by section 262. Since this item was claimed on their income tax return on the line designated for "Expenses for Child and Dependent Care Services", petitioners evidently intended to claim this as an expense of household and dependent care services necessary for gainful employment. A deduction for that purpose is, of course, allowed by section 214, if the requirements of that section are met. The evidence shows, however, that the petitioners do not meet the requirements of that section and are, therefore, not entitled to the deduction allowed by it. Section 214(e) provides that, if the taxpayer is married, expenses of this type shall be taken into account *74 only if (a) both spouses are gainfully employed on a substantially full time basis, or (b) the spouse is physically or mentally incapable of taking care of himself. There was no evidence to show that Mrs. Tripp was gainfully employed at all, much less on a substantially full time basis, during the year 1975. The evidence shows that Mrs. Tripp was not physically or mentally incapable of taking care of herself during the year 1975. Domestic help was employed to care for the children and not to take care of Mrs. Tripp. Even if the other conditions of section 214 had been met, under section 214(b)(2), expenses of this type are allowed to be deducted only if such expenses are incurred to enable the taxpayer to be gainfully employed. There was no evidence in this case to show that the expenses of domestic help were incurred for the purpose of enabling Mr. Tripp to be gainfully employed, or that he could not have been gainfully employed otherwise. Not qualifying under section 214, these expenses can only be classified as personal, living, or family expenses, the deduction of which is not allowed under section 262. The respondent's disallowance of this deduction is therefore sustained. *75 * * *
In accordance with the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.