CLARK J. HARRINGTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
HARRINGTON v. COMMISSIONER
Docket No. 6746-77.
United States Tax Court
T.C. Memo 1978-458; 1978 Tax Ct. Memo LEXIS 56; 37 T.C.M. (CCH) 1847-74; November 15, 1978, Filed *56 Lester J. Schaffer, for the petitioner. William L. Autman, Jr., for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $5,752.22 and an addition to tax of $3,357.25 under section 6653(b), Internal Revenue Code of 1954, for the taxable year 1972. Petitioner not having disputed any other adjustments in the notice of deficiency, the sole issues for decision are (1) whether petitioner received $20,000 for services in connection with the obtaining of a loan from the Small Business Administration and (2) if he did, whether his failure to report the same as income was due to fraud. Many of the facts have been stipulated and the stipulated facts and exhibits are found accordingly. Petitioner resided in Philadelphia, Pa., at the time he filed his petition herein. He filed a joint income tax return with his wife (who is not a party to this proceeding) for the taxable year with the district director of internal revenue, Philadelphia, Pa.
During 1972, petitioner was an employee of the City of Philadelphia. During that year and for some time prior thereto, he *57 participated actively in politics and in the affairs of one of the political parties. Ronald Dickerson in 1971 and 1972 was the president and sole shareholder of Dickerson Machine and Tool, Inc. (Dickerson Tool). Dickerson Tool was experiencing financial difficulties and, during the latter part of 1971, petitioner became involved in assisting Dickerson Tool to obtain a bank loan or loans which would be guaranteed by the Small Business Administration (SBA). Petitioner's efforts were made over a period extending into 1972. On March 24, 1972, Dickerson cashed a check of Dickerson Tool, payable to the order of cash, in the sum of $10,000. He similarly cashed checks payable to the order of cash on March 28, 1972, in the amount of $6,000, and on March 30, 1972, in the amount of $4,000. An indictment against petitioner was filed in the United States District Court for the Eastern District of Pennsylvania on December 19, 1974. It covered three counts: Count I alleged conspiracy to commit offenses against the United States, to wit, bribery of public officials, submission of false statements to a government agency, and defrauding of the United States, all in connection with loans *58 and/or guarantees by the SBA; Count II alleged bribery and/or attempted bribery of officials and employees of the SBA involving an amount not exceeding $20,000; Count III alleged that petitioner wilfully and knowingly filed a false Federal income tax return for 1972 in that petitioner knowingly failed to report a "sum not exceeding $20,000 * * * the nature and source [of which] was bribe income from Dickerson Machine and Tool Co., Inc." Petitioner was found guilty on Counts I and II but was acquitted on Count III. The critical question is whether the petitioner received the $20,000 as claimed by respondent. Insofar as the underlying deficiency is concerned, petitioner has the burden of proof that he did not receive said sum or any part thereof, and, insofar as the fraud issue (which rests solely on the receipt of said sum or a part thereof) is concerned, the burden of proof is on the respondent. Rule 142, Tax Court Rules of Practice and Procedure. Disposition of these issues depends upon our resolution of the aforementioned critical question, and such resolution, in turn, depends, under the circumstances of this case, upon whether we believe the testimony of petitioner, who *59 was his own sole witness, or of Dickerson, who was respondent's sole witness. We see no need to set forth the details of their testimony. An examination of the stipulated facts and our evaluation of the testimony and demeanor of petitioner and Dickerson (both of whom we saw and heard) satisfies us that petitioner was telling the truth when he admitted that he assisted Dickerson Tool in obtaining loans but asserted that he did so because Dickerson had been a regular financial supporter of the political party in whose activities petitioner was involved and that neither he nor said political party received any sums as a quid pro quo for his assistance. [1] Accordingly, as the record herein indicates, we reached this conclusion at the end of the trial. We have carefully reviewed the stipulated facts and the transcript of the testimony and find no reason to depart from the conclusion reached at that time. Accordingly, we hold that petitioner has carried his burden of proof as to the underlying deficiency and that concomitantly respondent has failed to carry his burden of proof as to fraud. *60 To reflect concessions of petitioner on other issues, Decision will be entered under Rule 155. Footnotes
1. Petitioner testified as to the political foundation of his efforts to assist Dickerson Tool after Dickerson testified but while Dickerson was still in the courtroom and available for rebuttal testimony. Respondent did not, however, recall Dickerson to the witness stand. In reaching our conclusion, we have not given any weight to the apparent fact that the jury in the criminal case was instructed to decide whether or not petitioner had received the $20,000 and, by acquitting petitioner, obviously answered that instruction in the negative. The "beyond a reasonable doubt" standard in criminal cases makes such answer and the accompanying acquittal inapplicable to the instant civil tax case. Helvering v. Mitchell, 303 U.S. 391 (1938); Stratton v. Commissioner, 54 T.C. 255, 283↩ (1970). In connection with the foregoing, we note that the petition herein set forth certain verbatim portions of the transcript and instructions in the criminal proceeding and the answer set forth a denial based on lack of knowledge and information sufficient to form a belief. Since the proceedings in the criminal case were a matter of public record and, additionally, the Department of Justice and the Internal Revenue Service are both parts of the same government, such a denial is, to say the least, quixotic.