JOHN D. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
MILLER v. COMMISSIONER
Docket No. 2545-77.
United States Tax Court
T.C. Memo 1978-459; 1978 Tax Ct. Memo LEXIS 54; 37 T.C.M. (CCH) 1847-76; November 16, 1978, Filed John D. Miller, pro se. Albert B. Kerkhove, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1975 in the amount of $4,790.04. When this case was called for trial at Des Moines, Iowa on September 18, 1978, petitioner and respondent each filed a motion for summary judgment. In connection with these motions, the parties stipulated certain facts and introduced certain documents. The facts as stipulated are found accordingly. At the time of the filing of his petition in this case, petitioner resided at Davenport, Iowa. Petitioner's individual Federal income tax return for the calendar year 1975 was filed with the Internal Revenue Service Center, Kansas City, Missouri. This return *55 was prepared on a cash basis. The face of the return showed total adjusted gross income of $735.69, consisting of salary of $730.19 and interest of $5.50 and no income tax due. Attached to the return was a Form W-2 showing that petitioner had received compensation from J. I. Case Company Tractor Plant in Racine, Wisconsin of $21,905.74, from which $4,152.14 of Federal income tax was with-held and $824.85 of F.I.C.A. employee tax was withheld. The return requested a refund of the withheld tax. Attached to the return was a document consisting of four typewritten pages addressed to the Director, Internal Revenue, and signed by petitioner. There were attached to this document papers quoting from various court decisions and other writings. Photostatic copies of certain documents were also attached to the return.The substance of the document addressed to the Director, Internal Revenue, and the attachments thereto was a contention that Federal Reserve Notes are not dollars. Petitioner explained that his return had been filed on the basis of his computation of the fair market value of the Federal Reserve Notes he received, which amount he computed as 1/30th of his "Federal Reserve Note" *56 income. Respondent, under date of December 15, 1976, mailed to petitioner a notice of deficiency computing petitioner's income tax on the basis of increasing the amount reported by petitioner as salary on his return to the amount shown on the Form W-2 issued to petitioner by his employer and allowing petitioner the standard deduction for a single individual and one exemption of $750. Petitioner filed a petition with this Court from respondent's determination in which the assignments of error and allegations of fact all were to the effect that Federal Reserve Notes were not "dollars" within the meaning of the United States Constitution and that petitioner had properly reported his income using the legal definition of a dollar. The basis of petitioner's motion for summary judgment is that he had previously received from the Government a refund of the $4,152.14 withheld as Federal income tax from his salary and, therefore, the case is moot. The basis of respondent's motion for summary judgment is that the petition does not state any grounds on which petitioner could prevail since the only grounds alleged in the petition are that petitioner properly computed his gross income on *57 the basis of the fair market value of the Federal Reserve Notes he received based on the amount of gold and silver coins that these Federal Reserve Notes would purchase. Respondent, at the hearing at Des Moines on September 18, 1978, filed a memorandum in support of his motion for summary judgment, and petitioner, pursuant to a leave granted at the hearing, filed a brief replying to respondent's memorandum. In his brief petitioner in addition to the contention that Federal Reserve Notes are not "dollars" within the meaning of the Constitution argues (1) that the income tax laws are unconstitutional as applied to him as distinguished from a corporation created by the law of a State or the Federal Government, (2) that since this Court is not created under Article III of the Constitution it is unconstitutional because of "illegal usurption of judicial power by the legislative branch of the government," and (3) that the Federal income tax is unconstitutional. We have held on a number of occasions that Federal Reserve Notes are dollars which constitute taxable income to a taxpayer which must be reported on his Federal income tax return. See Cupp v. Commissioner, 65 T.C. 68 (1975), *58 affd. 559 F.2d 1207 (3d Cir. 1977); Gajewski v. Commissioner, 67 T.C. 181 (1976); Hatfield v. Commissioner, 68 T.C. 895 (1977); United States v. Daly, 481 F.2d 28 (8th Cir. 1973). The issues raised by petitioner in his brief filed after the conclusion of the hearing in this case are not properly before this Court. However, if these issues are considered to be properly raised, they are without merit. In Burns, Stix Friedman and Co. v. Commissioner, 57 T.C. 392 (1971), we held the United States Tax Court to be constitutionally created and empowered to exercise the jurisdiction conferred upon it by statute. The constitutionality of the income tax on individuals has been upheld on numerous occasions. See Tyee Realty Co. v. Anderson, 240 U.S. 115 (1916); Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Crowe v. Commissioner,396 F.2d 766, 767 (8th Cir. 1968) and cases there cited.
Petitioner, in basing his motion for summary judgment on the fact that in accordance with the claim contained on his tax return the sums withheld from his salary were *59 refunded to him, misconstrues the term "deficiency." Section 6211, I.R.C. 1954, insofar as here pertinent, defines a deficiency as the amount by which the tax imposed by the income tax statutes exceeds the amount shown as tax by the taxpayer on his return. Here, petitioner showed no tax due on his return and therefore respondent properly determined a statutory deficiency in petitioner's tax even though the tax withheld from petitioner's salary had been refunded to him. Petitioner's motion for summary judgment will be denied, and respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.