ESTATE OF HAROLD W. COHN, DECEASED, STEVEN D. COHN AND MICHELE COHN TOCCI, EXECUTORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
ESTATE OF COHN v. COMMISSIONER
Docket No. 195-77.
United States Tax Court
T.C. Memo 1978-462; 1978 Tax Ct. Memo LEXIS 52; 37 T.C.M. (CCH) 1847-88; November 21, 1978, Filed Herman Mark Harris, for the petitioner. Arthur H. Boelter, for the respondent. FEATHERSON *54 MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $15,301.79. The issue for decision is whether the full value of an annuity which was paid to the executors of the estate of Harold W. Cohn by the New York State Employees Retirement System is includible in decedent's gross estate under section 2039. [1]
The facts have been stipulated. Decedent Harold W. Cohn, a resident of New York, died testate on March 14, 1974. Letters testamentary were properly issued to his executors, Steven D. Cohn and Michele Cohn Tocci, who were legal residents of New York when the petition was filed. At the time of his death, decedent was a judge of the Civil Court of the City of New York, and, as such, entitled to benefits from the New York State Employees Retirement System. Pursuant to an election which he had made, these benefits were payable to the executors of his estate and were so paid in the amount of $203,022.96. Decedent's will provided that if his wife, *55 Lillian B. Cohn (Lillian), should survive him, his residuary estate was to be divided into two parts, Fund A and Fund B. Fund A was to be a marital deduction trust consisting, in broad terms, of one-half of the gross estate. Under the will, Lillian was given the income from Fund A for life together with a general power of appointment over the principal at her death. In addition, she was given the right to demand payment to her of up to $50,000 of the principal of Fund A. To the date of the trial she had demanded and received $46,800 from the trust. On the estate tax return filed by decedent's estate, the executors included in the gross estate only $72,391.96 of the amount paid to them from the New York State Employees Retirement System. In the notice of deficiency, respondent determined that $203,022.96, the entire amount received from the New York State Employees Retirement System, is includible in the gross estate. As a corresponding adjustment, the notice of deficiency increased the amount of the marital deduction from $80,587.71, as claimed, to $148,103.21. By stipulation, petitioner has conceded the correctness of the adjustments made in the notice of deficiency with the *56 exception of the inclusion of $50,000 of the retirement benefits. The Court has not been blessed with a brief in support of petitioner's contention that the sum of $50,000 was improperly included in decedent's gross estate. The only clue we have as to petitioner's position is an allegation in the petition as follows: * * * Lillian Cohn had the right to demand $50,000.00 outright and did in fact make such demand with which the estate complied. Accordingly, the intent of Section 2039 has been met. Section 2039(a) provides that the gross estate shall include the value of an annuity or other payment receivable by any beneficiary by reason of surviving the decedent. The parties agree that the amount payable to the executors from the New York State Employees Retirement System is an annuity within the meaning of section 2039 "except to the extent of $50,000." Petitioner apparently contends that, to the extent of $50,000, the annuity was exempt under one of the provisions of section 2039(c).
Section 2039(c) [2]excludes from a decedent's gross estate certain annuity contracts purchased by the decedent's employer and calling for payments to any beneficiary "other than the executor. *57 " The exclusion from the gross estate does not apply to "the value of an annuity or other payment receivable by or for the benefit of the decedent's estate." Sec. 20.2039-2(b), Estate Tax Regs. [3]Since the proceeds of decedent's New York State Employees Retirement System annuity contract were payable to his executors, it is clear that the section 2039(c) exclusions do not apply in the instant case. Therefore, the full value of the annuity contract is includible in the decedent's gross estate. *58 Petitioner's position is not only contrary to the provisions of section 2039(a) and (c) but is also inconsistent with the allowance of the estate's claim to a marital deduction. As pointed out above, the petition alleges the estate is entitled to exclude $50,000 of the value of the annuity on the ground that, pursuant to the will, part of the annuity is subject to Lillian's demand. Yet the will provides for payment of the amount of the $50,000 demand not from the annuity payments but rather from the principal of Fund A, the marital deduction trust. By definition, property qualifying for the marital deduction must be included in decedent's gross estate. Section 2056(a); section 20.2056(a)-2(b)(1), Estate Tax Regs. Hence, if the annuity payments are not includible in the gross estate under section 2039(c), they do not qualify as property subject to the marital deduction under section 2056(a). [4] The $50,000 which Lillian is entitled to demand from Fund A cannot be both excludible from the gross estate under section 2039(c) and deductible under section 2056(a). *59 To reflect the disposition of other issues, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect at the time of decedent's death, unless otherwise noted.↩
2. SEC. 2039. ANNUITIES. (c) Exemption of Annuities Under Certain Trusts and Plans.--Notwithstanding the provisions of this section or of any provision of law, there shall be excluded from the gross estate the value of an annuity or other payment receivable by any beneficiary (other than the executor) under-- (1) An employees' trust (or under a contract purchased by an employees' trust) forming part of a pension, stock bonus, or profit-sharing plan which, at the time of the decedent's separation from employment (whether by death or otherwise), or at the time of termination of the plan if earlier, met the requirements of section 401(a); (2) A retirement annuity contract purchased by an employer (and not by an employees' trust) pursuant to a plan which, at the time of decedent's separation from employment (by death or other-wise), or at the time of termination of the plan if earlier, was a plan described in section 403(a); (3) A retirement annuity contract purchased for an employee by an employer which is an organization referred to in section 170(b)(1)(A)(ii) or (vi), or which is a religious organization (other than a trust), and which is exempt from tax under section 501(a); * * * * * *↩
3. For the meaning of this quoted clause, we are directed by the above regulation to sec. 20.2042-1(b), Estate Tax Regs., dealing with insurance payable to the decedent's executors or administrators, which is as follows: Sec. 20.2042-1 Proceeds of life insurance. (b) Receivable by or for the benefit of the estate. (1) Section 2042 requires the inclusion in the gross estate of the proceeds of insurance on the decedent's life receivable by the executor or administrator, or payable to the decedent's estate. It makes no difference whether or not the estate is specifically named as the beneficiary under the terms of the policy. Thus, if under the terms of an insurance policy the proceeds are receivable by another beneficiary but are subject to an obligation, legally binding upon the other beneficiary, to pay taxes, debts, or other charges enforceable proceeds required for the payment in full (to the extent of the beneficiary's obligation) of such taxes, debts, or other charges is includible in the gross estate. Similarly, if the decedent purchased an insurance policy in favor of another person or a corporation as collateral security for a loan or other accommodation, its proceeds are considered to be receivable for the benefit of the estate. The amount of the loan outstanding at the date of the decedent's death, with interest accrued to that date, will be deductible in determining the taxable estate. See section 20.2053-4. (2) If the proceeds of an insurance policy made payable to the decedent's estate are community assets under the local community property law and, as a result, one-half of the proceeds belongs to the decedent's spouse, then only one-half of the proceeds is considered to be receivable by or for the benefit of the decedent's estate.↩
4. If nonqualifying property were used to fund the marital deduction trust, the marital deduction would, of course, be decreased.↩