OLIVER K. BYARS and NADINE P. BYARS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
BYARS v. COMMISSIONER
Docket No. 8481-76.
United States Tax Court
T.C. Memo 1978-467; 1978 Tax Ct. Memo LEXIS 50; 37 T.C.M. (CCH) 1847-99; November 22, 1978, Filed *50 P, a truck driver, incurred expenses for meals while away from home on business in 1974 but kept no records of such expenses. The Commissioner allowed P a deduction of $6.50 for each day the Commissioner determined P was traveling away from home. Held, since P did not maintain the records required by sec. 274(d), I.R.C. 1954, to substantiate his expenditures for meals during 1974, he has failed to prove that he is entitled to a larger deduction than that allowed by the Commissioner. William Y. Wilkins, for the petitioners. William S. Patterson and Frank C. McClanahan III, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $332.00 in the petitioners' Federal income tax for 1974. The issue presented for decision is whether the petitioner, Oliver K. Byars, has adequately substantiated his expenses for meals purchased while away from home on business and may deduct the amount claimed as a business expense. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Oliver K. Byars and Nadine P. Byars, were husband and wife during 1974. At the time the petition was filed in this case, Mr. Byars resided in Rocky Mount, N.C., and Mrs. Byars resided in Columbia, S.C. They filed their joint Federal income tax return for 1974 with the Internal Revenue *52 Service Center, Mephis, Tenn. Mr. Byars will sometimes be referred to as the petitioner. In 1974, Mr. Byars resided in Rocky Mount, N.C. In that year, he worked as a long-distance truck driver and drove a total of 103 trips. He kept logbooks during such year which indicated the locations he traveled to and the hours he worked. However, he kept no records showing the times, places, or the costs of meals which he seeks to deduct. [1]
For purposes of preparing his Federal income tax return for 1974, Mr. Byars counted any part of a day on which he was away from home as one full day; and by examining the legbooks, he determined that he was away from home 238 days in that year. He estimated that he spent an average of $10.00 per day for meals while away from home and deducted $2,380.00 as a business expense. In his notice of deficiency, the Commissioner determined that the petitioner was away from home only 129 days during 1974 by totaling the number *53 of hours he was away from home on trips of 24 hours or more and dividing that sum by 24. He allowed Mr. Byars a deduction of $6.50 for each of such days. At trial, the Commissioner conceded that all of the petitioner's trips of 16 hours or more should have been considered in determining his total number of hours away from home; as a result, he conceded that the petitioner was away from home on 139 days in 1974 and that the petitioner was entitled to a deduction for meals of $6.50 for each of such days. OPINION The issue for decision is whether the petitioner can deduct $2,380 for meals consumed while away from home on business. Section 162(a)(2) of the Internal Revenue Code of 1954[2] allows deductions for all ordinary and necessary business expenses, including traveling expenses incurred while away from home in pursuit of a trade or business; traveling expenses include the cost of meals and lodging. Sec. 162(a); United States v. Correll,389 U.S. 299 (1967). However, the deductibility of such expenses is limited by the substantiation requirements of section 274(d), which provides, in part: *54 No deduction shall be allowed-- (1) under section 162 * * * for any traveling expense (including meals and lodging while away from home), * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, * * * (C) the business purpose of the expense or other item * * * Under the regulations, the petitioner is required to substantiate the amount, time, place, and business purpose of his travel expenses "by adequate records or by sufficient evidence corroborating his own statement." Sec. 1-274-5(c)(1), Income Tax Regs. To meet the "adequate records" requirement, a taxpayer must maintain an account book, diary, statement of expense, or similar record prepared contemporaneously with the expenditure and, in certain situations, produce documentary evidence, which together establish each element of an expenditure. Sec. 1.274-5(c), Income Tax Regs.; Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). In the absence of adequate *55 records, a taxpayer may alternatively establish an element of an expense: (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element. If such element is * * * the cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph. If such element is * * * the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence. [Sec. 1.274-5(c)(3), Income Tax Regs.; emphasis supplied.] Sanford v. Commissioner,supra; Ashby v. Commissioner,50 T.C. 409 (1968). The regulations also provide: If a taxpayer has not fully substantiated a particular element of an expenditure, but the taxpayer establishes to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements *56 of this subparagraph with respect to the expenditure, the taxpayer may be permitted to establish such element by evidence which the district director shall deem adequate. [Sec. 1.274-5(c)(2)(v), Income Tax Regs.] Acting under such authority, the Commissioner allowed the petitioner a deduction of $6.50 a day for meals. However, the petitioner claims that he has provided adequate substantiation for his meal expenditures through his testimony and asks us to accept his estimate for such expenditures. The petitioner offered his logbooks for 1974 to substantiate his meal expenditures. Each logbook covers a period of one month and contains precise information regarding the destinations the petitioner traveled to and the hours he worked. However, these books contain no information with respect to the time, place, number, or cost of the meals which the petitioner seeks to deduct. The petitioner has admitted that he neither maintained a contemporaneous written record concerning meal expenses nor saved cash register receipts for such expenses incurred during 1974. It is altogether clear that the petitioner has not complied with the requirements of section 274(d) with respect to the *57 expenditures he made for meals while traveling away from home during 1974. He concedes that he did not keep adequate records of his meal expenses within the meaning of section 1.274-5(c)(1) and (2), Income Tax Regs. However, he contends that his estimates as to the cost of his meals along with his logbooks constitute sufficient corroborative evidence within the meaning of section 1.274-5(c)(3), Income Tax Regs. We must disagree with the petitioner. Although the petitioner's logbooks are adequate corroboration of the time and place of his travel, such books provide no accurate information as to the time, place, number, and cost of his meals.He testified that not all stops indicated in the logbooks were stops for meals. Thus, the petitioner has provided no substantiation of the number and cost of his meals away from home during 1974 other than his own testimony. Cf. Culwell v. Coard, an unreported case (D. N. Mex. 1967, 67-2 U.S.T.C. par. 9508, 19 A.F.T.R. 2d 1697) (truck driver allowed claimed deduction for meal expense where substantiated by logbooks and a daily diary of expenses). Moreover, the petitioner's testimony completely lacked the specificity *58 called for by the regulations. When asked about the number of meals he ate during any of his business trips, he could only estimate. Although we can assume that he ate some meals on the trips he made during 1974, we cannot rely on a mere estimate as to their time, place, and amount. An estimation of such expenditures by this Court would, in effect, invoke the rule of Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930), a rule whose use in travel expense deductions was expressly rejected by the Congress when it enacted section 274(d): This provision is intended to overrule, with respect to such expenses the so-called Cohan rule. In the case of Cohan v. Commissioner,39 F. 2d 540 (C.A. 2d, 1930), it was held that where the evidence indicated that a taxpayer had incurred deductible expenses but their exact amount could not be determined, the court must make "as close an approximation as it can" rather than disallow the deduction entirely. Under your committee's bill, the entertainment, etc., expenses in such a case would be disallowed entirely. The requirement that the taxpayer's statements be corroborated will insure that no deduction is allowed *59 solely on the basis of his own unsupported, self-serving testimony. * * * [H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741.] See also Sanford v. Commissioner,50 T.C. at 828; Ashby v. Commissioner,50 T.C. at 415. Nor is the cost of meals at highway restaurants a proper subject for judicial notice, as the petitioner suggests. In conclusion, since the petitioner offered no specific information nor other corroborative evidence to establish the time, place, and amount of the alleged expenditures for meals during 1974, he has failed to satisfy the requirements of section 274(d) and failed to prove that he is entitled to any deduction for meals while away from home in that year. For these reasons, we conclude and hold that the petitioner has failed to prove that he is entitled to a larger deduction for meal expenses than that allowed by the Commissioner. Accordingly, there is no ground for us to consider the petitioner's contention that the Commissioner improperly computed the number of days that he was away from home within the *60 meaning of section 162(a). Decision will be entered under Rule 155.
Footnotes
1. The petitioner did make one meal entry on Dec. 4, 1974, for a meal he ate during a layover stop. However, since the cost of this meal was reimbursed by the petitioner's employer, the deductibility of such meal is not in issue.↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩