988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Curtis R. WILHELM and Estelle Wilhelm, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5160.
 United States Court of Appeals, Federal Circuit.
 Jan. 21, 1993.
 
 Cl.Ct.
 AFFIRMED.
 Before SMITH, Senior Circuit Judge, and RADER and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Curtis R. Wilhelm and Estelle Wilhelm petition for review of the June 25, 1992 decision of the Claims Court[1] dismissing their complaint for lack of jurisdiction. Finding no error in the Claims Court's decision, we affirm.
 
 DISCUSSION
 
 2
 Mr. and Mrs. Wilhelm filed their complaint in the Claims Court on March 15, 1990. In their complaint, the Wilhelms sought an income tax refund totalling $2,329,273.20. This figure represents two claims, in the amounts of $13,088.20 and $2,316,185, respectively, from the Wilhelms' 1984 and 1988 taxable years. In their complaint, the Wilhelms alleged that the $13,088.20 amount was "[s]eized from Estelle Wilhelm ... on December 11, 1989," and that a refund claim for the $2,316,185 amount had been previously submitted to the Internal Revenue Service (IRS) with their 1988 tax return. [App. at 7].
 
 
 3
 They further alleged they had initiated a Tax Court case, Docket No. 8193-89, covering "all claims open and being brought before the Claims Court at this time." [emphasis added]. In view of the pendency of this case, and its potential disposition of the Wilhelms' Claims Court action, the government, on May 9, 1990, filed a motion to suspend proceedings in the Claims Court until 30 days after the Tax Court rendered its opinion. On June 12, 1990, the Claims Court granted this motion.
 
 
 4
 The Tax Court rendered its opinion on October 9, 1991.[2] After the suspension of the Claims Court proceedings was lifted, on May 8, 1992, the government moved to dismiss the Wilhelms' complaint for lack of jurisdiction. According to the government, the court lacked jurisdiction because the Wilhelms had failed to file a claim for a refund with the IRS covering the 1984 and 1988 taxable years, a necessary prerequisite to filing suit in the Claims Court according to the provisions of 26 U.S.C. § 7422(a) (1988), which states as follows:
 
 
 5
 No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof. [emphasis added].
 
 
 6
 In support of its motion, the government submitted a Form 3050, Certification of Lack of Record, to establish that the IRS had no record of refund claims having been submitted to it by the Wilhelms covering the 1984 and 1988 taxable years. [App. at 22]. The government also submitted the Wilhelms' 1988 Form 1040 tax return to show that it could not constitute a refund claim covering the 1988 taxable year. [App. at 23-24]. Significantly, the entry in the return under line 63, which is labelled "Amount ... to be REFUNDED TO YOU", was left blank. [App. at 24].
 
 
 7
 In a response dated May 22, 1992, the Wilhelms failed to address with specificity the alleged jurisdictional defect. They also failed to adduce any evidence to counter the evidence provided by the government in support of its motion.[3] Accordingly, the Claims Court, on June 25, 1992, rendered its decision dismissing the Wilhelms' complaint for lack of jurisdiction.
 
 
 8
 On appeal to this court, the Wilhelms urge that the failure of the Claims Court to exercise jurisdiction over their 1984 and 1988 claims violates their constitutional rights. They also apparently assert that the Claims Court should exercise jurisdiction over all of their claims for refunds arising out of the 1972-1991 taxable years. We address each of these contentions in turn.
 
 
 9
 The Wilhelms bear the burden of proving that the Claims Court has jurisdiction over the 1984 and 1988 claims. Rocovich v. United States, 933 F.2d 991, 993 (Fed.Cir.1991). It is undisputed that the jurisdiction of the Claims Court in this case is limited by 26 U.S.C. § 7422(a) (1988) which, as stated, requires a refund claimant to file a refund claim with the IRS as a prerequisite to bringing suit in court. See United States v. Dalm, 494 U.S. 596, 602 (1990). Yet, the Wilhelms have failed to adduce any evidence establishing that they filed refund claims covering the 1984 and 1988 taxable years with the IRS before filing their complaint with the Claims Court. Further, their contention, that their 1988 return constitutes a refund claim, is not credible. As stated, the entry in that return which specified the amount to be refunded was left blank. Moreover, that return does not satisfy the following specificity requirements of 26 C.F.R. § 301.6402-2(b)(1) (1992):
 
 
 10
 The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.
 
 
 11
 Under these circumstances, the government's evidence showing the absence of any such claims in the records of the IRS must stand as conclusive. In Molis v. Williams, 67-1 U.S. Tax Cas. (CCH) p 9270 (D.Mass.1967), the district court dismissed a plaintiff's complaint seeking a tax refund after the plaintiff failed to adduce any evidence showing it had previously filed a refund claim with the IRS, and the government had shown that such a claim was not present in the IRS' records. Accordingly, we find the Claims Court did not err in concluding it lacks jurisdiction over the 1984 and 1988 claims.
 
 
 12
 Turning to the Wilhelms' remaining claims from the taxable years 1972-1991, the Wilhelms have not shown that any such claims were ever brought before the Claims Court. Therefore, the question of the Claims Court's jurisdiction over these claims is not properly before us. Even if it was, the record shows that several of these claims were previously litigated before the Tax Court. Under 26 U.S.C. § 6512(a) (1988), reproduced in relevant part below, the Claims Court lacks jurisdiction over such claims:
 
 
 13
 If the Secretary has mailed to the taxpayer a notice of deficiency ... and if the taxpayer files a petition with the Tax Court, ... no credit or refund of income tax for the same taxable year ..., in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court [subject to certain exceptions not applicable to this case].
 
 
 14
 Moreover, the Wilhelms have failed to adduce evidence showing they ever filed refund claims with the IRS covering these taxable years. Thus, based on the present record, these claims suffer from the same jurisdictional infirmities as the 1984 and 1988 claims.[4]
 
 For all the foregoing reasons, we
 
 15
 AFFIRM.
 
 
 
 [1]
 Renamed as the Court of Federal Claims on October 29, 1992. Federal Courts Administration Act of 1992, Pub.L.No. 102-572, § 902(a), 106 Stat. 4506, 4516 (1992)
 
 
 [2]
 That opinion is reported at 62 T.C.M. (CCH) 992 (1991). It concerns claims arising out of the Wilhelms' 1981-1983, and 1985 taxable years. The record also shows that the Wilhelms litigated a 1973 claim before the Tax Court. See 37 T.C.M. (CCH) 1847-2 (1978)
 
 
 [3]
 The only reference to jurisdiction in the response is the following statement by Mr. Wilhelm: "I believe that this Court does have Jurisdiction...." [App. at 27]
 
 
 [4]
 In view of our disposition of this appeal, we do not need to address the government's contention that the appeal should be dismissed as to Mrs. Wilhelm because she failed to sign the notice of appeal